151    545
154    ³111

## SEELEY *v.* SWIFT & CO.

1. SAVING QUESTIONS FOR REVIEW—EXCEPTIONS—NECESSITY.

   Where a question was objected to as not proper rebuttal, and after a suggestion from the court a word was omitted from the question, after which no further objection was made or exception taken, no question thereon is presented for review.

2. TRIAL—INSTRUCTIONS—CONSTRUCTION AS A WHOLE.

   A portion of a sentence in a charge cannot be selected for criticism where a reading of the entire sentence answers the criticism.

3. SAME—AMBIGUITY—UNNATURAL CONSTRUCTION.

   Ambiguity is not a proper objection to a charge where, to discover the ambiguity complained of, it is necessary to put an unnatural emphasis upon a portion of a sentence, more especially where any uncertainty is corrected by other portions of the charge.

Error to Wayne; Mandell, J. Submitted January 15, 1908. (Docket No. 65.) Decided March 17, 1908.

Case by John A. Seeley against Swift & Company for damages to plaintiff's horse and buggy. There was judgment for plaintiff, and defendant brings error. Affirmed.

*George B. Greening*, for appellant.

*Navin, Sheahan & Bourke*, for appellee.

MOORE, J.   The plaintiff was the owner of a horse and buggy. His wife drove out on Gratiot avenue. She stopped the horse in front of a store, got out of the buggy and hitched the horse; then went into the store to do some shopping. While she was in the store somebody came along with another rig and ran into the horse and buggy. The leg of the horse was broken, and the buggy damaged. The horse was subsequently shot because of the injury it received. This suit was brought to recover damages. From a judgment in favor of the plaintiff, the case is brought here by writ of error.

It is the claim of plaintiff that the injury was done by an employé of defendant negligently driving one of its delivery wagons into his horse and buggy. Error is assigned upon the admission of the testimony of policeman Wagoner. That part of his testimony referring to Paul Columbo was received without objection. That part of it referring to Moses Richards was at first objected to as improper rebuttal testimony. The court suggested the record be read as to the questions put to Moses Richards. This was done and the following occurred:

"*The Court:* All except the word 'large' is found in your question. If you will eliminate that.

"*Q.* Answer the question?

"*A.* He did.

"*Q.* Did he tell you that there was one man driving it?

"*A.* He did, sir."

It will be observed that after the suggestion of the court, counsel seemed to be content, as no further objection was made and no exception was taken.

Error is assigned upon two portions of the charge which are quoted in the brief, counsel saying as to the first quotation that it was a statement of the judge that the evidence was undisputed, when in fact it was disputed. A portion of one sentence in the charge standing alone

would justify the criticism, but if the entire sentence is read it answers the criticism.

As to the second excerpt from the charge, we quote from the brief:

"The trial court also erred in stating to the jury: 'It is claimed by the plaintiff that Swift & Company's rig did the damage, and I may state now, as matter of law, that Swift & Company, if this rig was theirs, and that has been shown by the proof, if you are satisfied that it was their rig, and that rig was in and about their employment at the time, the master is responsible for the negligent acts of the servant.' This language is susceptible of two constructions. The jury might assume from the judge's charge in this connection that it had been shown by the proofs that the rig was the rig of Swift & Company."

To make this ambiguous it is necessary to put an unnatural emphasis upon the words "and that has been shown by the proof." If the emphasis is put upon the words as it would be natural to put it, we think it a forced construction to say the charge was ambiguous. Especially so when the jury were told over and over again that unless the injury was done negligently by the agent, employé, or servant of the company the verdict should be for the defendant.

Judgment is affirmed.

GRANT, C. J., and BLAIR, CARPENTER, and MC-ALVAY, JJ., concurred.